In re HULL et al.

(District Court, D. Vermont. May 17, 1902.)

1. BANKRUPTCY—VALIDITY OF CHATTEL MORTGAGE.

The rule of the supreme court of the United States that a chattel mortgage of goods, giving the mortgagor the right to sell and to replace the goods sold with others which should come under the mortgage, is fraudulent and void as to other creditors as a matter of general law, is to be followed in bankruptcy proceedings, regardless of the decisions of the courts of the state on the question.

2. SAME—PROPERTY PASSING TO TRUSTEE.

The provision of Bankr. Act 1898, § 70 (5), which vests in the trustee title to property of the bankrupt "which prior to the filing of the petition he could by any means have transferred," covers personal property which, although mortgaged, the bankrupt was authorized by the terms of the mortgage to sell.

3. SAME—PREFERENCES—MORTGAGE.

A chattel mortgage given within four months prior to the bankruptcy of the mortgagor, to secure the purchase price of goods then bought, and including such goods and also other goods previously owned by the mortgagor, is void as an illegal preference, under the bankruptcy act, as to the goods previously owned, but is valid as respects the new goods which were acquired as a part of the same transaction.[1]

In Bankruptcy. On claim of mortgagee to proceeds of mortgaged goods.

Clarke C. Fitts, for claimant.
John E. Gale, for trustee.

WHEELER, District Judge. The claimant, Frisbee, sold a small stock of goods to the bankrupts, and long within the four months prior to the petition took a mortgage back of those and other goods and some exemptions, leaving power to sell and replace goods to be included in the mortgage. The whole have been sold, and the goods that came from the claimant brought $178.59; those formerly of the bankrupts, $92.78; and the exemptions, $25; and he claims the proceeds of the whole.

The validity and effect of chattel mortgages with such power of sale by the mortgagors as to other creditors have long been the subject of much discussion and divergence of judicial opinion in England and this country. 5 Am. & Eng. Enc. Law (2d Ed.) 992. The United States supreme court has decided that such mortgages are fraudulent as a matter of general law, and void as to other creditors in bankruptcy proceedings. Robinson v. Elliott, 22 Wall. 513, 22 L. Ed. 758. The supreme court of Vermont has held that they are good and valid as against other creditors in state insolvency proceedings. Peabody v. Landon, 61 Vt. 318, 17 Atl. 781, 15 Am. St. Rep. 903. This is a question of general law under the bankrupt act, rather than a rule of property under the state law, and the decision of the supreme court of the United States, which has final disposition of it, is, of course, to be followed here. Besides this, the present Bankr. Act § 70 (5),

[1] See Bankruptcy, vol. 6, Cent. Dig. §§ 259, 260.

vests in the trustee property of the bankrupt "which prior to the filing of the petition he could by any means have transferred." This property, that did not come from the claimant, was so left by the mortgage that it might be transferred by the bankrupts.

The act saves liens in good faith for a present consideration from its operation; but this does not make good, nor add to the force of, mortgages that would not be valid as to any property at common law. In Peabody v. Landon it was said that possession by the mortgagee under the mortgage would, as to after-acquired goods, make the lien good as of the date of the mortgage, which in that case was prior to the limit of the state insolvent law, although the delivery was within it. But that is not in question here. This mortgage created a new debt, and a delivery of prior property to secure it would be a prohibited preference. Robinson v. Elliott, 22 Wall. 513, 22 L. Ed. 758. Upon these principles, the mortgage, and the proceedings under it, appear to be void in law as to prior property, not exempt, as against creditors represented by the trustee.

As to the goods that came from the claimant, the sale and mortgage were parts of one transaction, by which he put in as much as he would take out if he should have the benefit of them or their proceeds; and to that extent it would not affect, and could not be fraudulent as to, other creditors. The record of the mortgage would probably save his rights as a conditional vendor. V. S. § 2290.

As to the exemptions, neither any of the other creditors nor the trustee representing creditors has any right or interest here. They are to be merely set out, subject to review here, to the bankrupts by the trustee, and liable to the rights of others, as they may be determined elsewhere.

The result is that the claimant is entitled to the $178.59 avails of his former goods; the trustee is entitled to the $92.78 avails of the former goods of the bankrupts for the benefit of the estate; and the trustee is left to set out the avails of the exemptions to the bankrupts, without prejudice to the rights of the claimants.

$178.59 decreed to claimant; $92.78 decreed to trustee; $25 left to be set out as avails of exemptions, without prejudice.